**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10374 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00198-LJO-SKO-2 |
| v. | |
| FILIBERTO CHAVEZ, AKA Big Boy, AKA Freeway Beto, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted December 6, 2021
San Francisco, California

Before: LUCERO,** IKUTA, and VANDYKE, Circuit Judges.

Filiberto Chavez was convicted at trial of conspiracy to distribute and

possess with intent to distribute methamphetamine in violation of 21 U.S.C.

§§ 846, 841(a)(1), two counts of possession with intent to distribute and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1), conspiracy to engage in interstate transportation for prostitution in violation of 18 U.S.C. §§ 371, 2421(a), and two counts of use of interstate commerce to promote prostitution in violation of 18 U.S.C. § 1952(a). The district court imposed a sentence of 250 months imprisonment. Chavez challenges his sentence on the grounds that it is substantively and procedurally unreasonable, and argues the district court violated Federal Rule of Criminal Procedure 32 (Rule 32). Exercising jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, we affirm.

After his conviction on all counts at trial, a probation officer prepared Chavez's presentence investigation report (PSR). According to the PSR, Chavez's initial United States Sentencing Guidelines range was 360 months to life, based on an offense level of 37 and a criminal history category of VI. Chavez objected to the inclusion of information not proven at trial in his PSR and the application of the career criminal sentencing enhancement, maintaining that at least one prior conviction listed in the PSR was incorrectly attributed to him. He renewed these objections at his sentencing hearing, which the district court rejected before orally sentencing him to 400 months imprisonment. Shortly after the hearing, but before the district court entered judgment against Chavez, the government informed the court that it needed to confirm the disputed prior conviction belonged to Chavez. The district court held the judgment in abeyance and scheduled a conference for

2

the following week. The government's review revealed that the disputed conviction in fact did not belong to Chavez, meaning he was not subject to the career offender enhancement. As a result, Chavez's updated Guidelines range was 210 to 262 months. The court re-sentenced Chavez during a second hearing, imposing a sentence of 250 months imprisonment.

First, Chavez contends his sentence is substantively unreasonable. A sentence is substantively reasonable when it is "sufficient, but not greater than necessary, to comply with the purposes [of sentencing]." 18 U.S.C. § 3553(a); United States v. Rudd, 662 F.3d 1257, 1261 (9th Cir. 2011). "The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." Rudd, 662 F.3d at 1261 (cleaned up). Chavez argues his sentence is substantively unreasonable because the district court failed to consider the disparity between his sentence and those of his co-defendants, and the court engaged in impermissible double counting under the Sentencing Guidelines. We disagree.

The record reflects that the court rationally and meaningfully considered the § 3553(a) factors in sentencing Chavez to a longer sentence than most of his co-defendants.[1] Serious factual differences existed between Chavez and most of his

---

[1] Chavez was charged on a seventeen-defendant indictment. With the exception of one co-defendant who received a sentence of 262 months, Chavez's co-defendants

3

co-defendants, including that Chavez was identified as an "influential" gang member and was the only defendant to proceed to trial, meaning he could not benefit from an acceptance of responsibility reduction. Moreover, at sentencing the court explained that its sentencing decision was influenced by Chavez's attitude toward the criminal justice system, views about women, prior parole violations, and the ages of the individuals involved, all factors encompassed by the goals of § 3553(a). The district court also did not engage in impermissible double counting. See United States v. Pham, 545 F.3d 712, 717 (9th Cir. 2008) ("Impermissible double counting occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." (quotation omitted)). The court did not apply any separate Guidelines provisions to increase Chavez's sentence based on the § 3553(a) factors. Chavez points to nothing in the record to suggest otherwise.

Nor was Chavez's sentence procedurally unreasonable. As Chavez failed to object on procedural grounds during the district court's sentencing hearings, we review for plain error. United States v. Valencia-Barragan, 608 F.3d 1103, 1108 (9th Cir. 2010). In establishing plain error, the defendant bears the burden of

---

received dispositions ranging from deferred prosecution to ninety months imprisonment.

4

demonstrating (1) an error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Ameline, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc). The district court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). However, when a judge imposes a sentence within the Guidelines, as the court did here, "doing so will not necessarily require lengthy explanation." Rita v. United States, 551 U.S. 338, 356 (2007). In addition, "when a party raises a specific, nonfrivolous argument tethered to a relevant § 3553(a) factor . . . the judge should normally explain why he accepts or rejects the party's position." United States v. Carty, 520 F.3d 984, 992–93 (9th Cir. 2008) (en banc) (citations omitted).

In imposing Chavez's Guidelines sentence, the court explained that it was relying on Chavez's attitude toward the law, history of parole violations, the nature of the offense, and Chavez's views on women. And while Chavez contends the court erred procedurally by not revisiting his argument that his criminal history category was overstated, this was the entire purpose behind the second sentencing hearing. Thus, his position before us is unreasonable. Chavez's sentence is both substantively and procedurally reasonable.

Finally, Chavez argues the district court violated Rule 32 by not ruling on his objections and failing to conduct a full resentencing hearing. When a

5

defendant fails to object under Rule 32, as Chavez failed to do here, we review for plain error. United States v. Wijegoonaratna, 922 F.3d 983, 989 (9th Cir. 2019). Under Rule 32(i)(3)(B), the court is required to either rule on any disputed portions of the PSR or determine that such a ruling is unnecessary. The district court stated that it adopted the PSR, which included the probation officer's responses to Chavez's objections, and further expressed disagreement with each of Chavez's objections. Chavez also argues Rule 32 required the district court to hold a full resentencing hearing following the government's correction of his criminal history. The only authority he cites for this proposition are cases in which defendants were resentenced after their original sentences were vacated. Chavez's sentence was never vacated because the district court held the judgment in abeyance until the conclusion of the second sentencing hearing. Moreover, the district court reconsidered the § 3553(a) factors at the second sentencing hearing, and reduced Chavez's sentence by 150 months. Accordingly, Chavez has not shown that the district court committed plain error under Rule 32.

**AFFIRMED.**